T.C. Memo. 2011-197

UNITED STATES TAX COURT

ADAN SUCILLA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10888-10.                    Filed August 15, 2011.

Adan Sucilla, pro se.

<u>John M. Wall</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

HAINES, <u>Judge</u>:  Respondent determined deficiencies in petitioner's Federal income tax for 2007 and 2008 of $60,227 and $9,869, respectively, and accuracy-related penalties under section 6662(a)[1] of $12,045 and $1,974, respectively.  The

_____

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended and in effect for the
                                        (continued...)

deficiencies were the result of the disallowance of expense deductions claimed on petitioner's Schedules C, Profit or Loss From Business, attached to his 2007 and 2008 Federal income tax returns. The issues for decision after concessions[2] are whether petitioner is entitled to various Schedule C deductions. We must further decide whether petitioner is liable for the accuracy-related penalties under section 6662(a).

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts, together with the attached exhibits, is incorporated herein by this reference. At the time petitioner filed his petition, he resided in Fresno, Californa.

Throughout 2007 and 2008 petitioner operated Sucilla Farm Labor Contractor, a sole proprietorship providing farm labor services in the Fresno, California, area. Petitioner timely filed Forms 1040, U.S. Individual Income Tax Return, for taxable years 2007 and 2008. Attached to the respective returns were Schedules C pertaining to petitioner's farm labor business. Petitioner reported gross income of $2,351,207 and total expenses

---

[1](...continued)
taxable years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. Amounts are rounded to the nearest dollar.

[2]In a stipulation of settled issues petitioner concedes that he received and failed to report $686 of cancellation of indebtedness income for taxable year 2007.

of $2,262,421 on his 2007 Schedule C.  On his 2008 Schedule C

petitioner reported gross income of $1,342,334 and total expenses

of $1,287,945.

Petitioner did not keep separate books for his business.  He

relied on bank statements, subcontractor checks, and receipts for

his expenses.  He did, however, hire a certified public

accountant to prepare his 2007 and 2008 Federal income tax

returns.  The Internal Revenue Service agent who examined the

returns found that all business income was reported accurately,

but not all expenses deducted could be substantiated because

petitioner had either lost or misplaced a number of his receipts.

For 2007, out of a total of $2,262,421 in expenses, $165,386 was

not substantiated.  For 2008, out of a total of $1,287,945 in

expenses, $35,920 was not substantiated.  But the auditing agent

allowed deductions totaling $38,635 and $18,585 for 2007 and

2008, respectively, for previously unclaimed but allowable

expenses.

On March 30, 2010 respondent sent a notice of deficiency for

petitioner's 2007 and 2008 income tax returns.  In his notice of

deficiency, respondent disallowed 2007 Schedule C expense

deductions totaling $165,387.[3]  Respondent also disallowed 2008

---

[3]These disallowed deductions related to:  (1) Insurance
expenses; (2) office expenses; (3) rent or lease for vehicles,
machinery, and equipment expenses; (4) repairs and maintenance
expenses; (5) supplies expenses; (6) taxes and licenses expenses;
(continued...)

Schedule C expense deductions totaling $35,921.[4]  Petitioner filed a timely petition with this Court.

OPINION

## I.  Business Deductions

Deductions are a matter of legislative grace, and the taxpayer must prove he or she is entitled to the deductions claimed.  Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  Section 162(a) provides that "There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business".  The regulations specify that ordinary and necessary business expenses include "the ordinary and necessary expenditures directly connected with or pertaining to the taxpayer's trade or business".  Sec. 1.162-1(a), Income Tax Regs.  Taxpayers are required to maintain records sufficient to establish the amounts of allowable deductions and to enable the Commissioner to determine the correct tax liability.  Sec. 6001; Shea v. Commissioner, 112 T.C. 183, 186 (1999).

In addition to satisfying the criteria for deductibility under section 162, certain categories of expenses must also

---

[3](...continued)
(7) meals and entertainment expenses; (8) utility expenses; and (9) other expenses.

[4]These disallowed deductions related to:  (1) Car and truck expenses; (2) legal and professional expenses; (3) rent or lease for vehicles, machinery, and equipment expenses; (4) repairs and maintenance expenses; and (5) other expenses.

satisfy the strict substantiation requirements of section 274(d) in order for a deduction to be allowed. The expenses to which section 274(d) applies include, among other things, meals and entertainment expenses and expenses for passenger automobiles. See secs. 274(d)(1), (2), (4), 280F(d)(4).

If the trial record provides sufficient evidence that the taxpayer has incurred a deductible expense but the taxpayer is unable to substantiate adequately the precise amount of the deduction to which he or she is otherwise entitled, the Court may estimate the amount of the deductible expense and allow the deduction to that extent (Cohan rule). Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930); Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985); Sanford v. Commissioner, 50 T.C. 823, 827-828 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969); see also sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). In these instances, the Court is permitted to make as close an approximation of the allowable expense as it can, bearing heavily against the taxpayer whose inexactitude is of his or her own making. Cohan v. Commissioner, supra at 544. However, in order for the Court to estimate the amount of an expense, the Court must have some basis upon which an estimate may be made. Vanicek v. Commissioner, supra at 742-743. Without such a basis, any allowance would amount to unguided largesse. Williams v. United States, 245 F.2d 559, 560-561 (5th Cir. 1957).

Section 274(d) overrides the Cohan rule and thus specifically precludes the Court from allowing a deduction for travel expenses, entertainment expenses, gifts, and expenses with respect to section 280F(d)(4) "listed property" (including passenger automobiles) "unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating the taxpayer's own statement":  (1) The amount of the expense or other item; (2) the time and place of the travel, entertainment or use, or date and description of the gift; (3) the business purpose of the expense or other item; and (4) in the case of entertainment or gifts, the business relationship to the taxpayer of the recipients or persons entertained.

Other than those deductions respondent conceded, petitioner failed to provide receipts, logs, books, or any other kind of documentation to substantiate the deductions claimed on his 2007 and 2008 Federal income tax returns.  Without more information regarding the claimed deductions, we sustain respondent's determinations with regard to petitioner's 2007 and 2008 Federal income tax returns.

II.  Section 6662(a) Penalty

Section 6662(a) and (b)(2) imposes a 20-percent accuracy-related penalty upon any underpayment of tax resulting from a substantial understatement of income tax.  An understatement is substantial if it exceeds the greater of 10 percent of the tax

required to be shown on the return or $5,000. Sec.
6662(d)(1)(A). The Commissioner bears the burden of production
with respect to penalties. Sec. 7491(c); Higbee v. Commissioner,
116 T.C. 438, 446-447 (2001). Petitioner accurately reported his
income on his 2007 and 2008 Federal income tax returns. However,
petitioner was unable to substantiate various deductions claimed.
Thus, respondent calculated that petitioner understated his tax
liability by $60,227 in 2007 and $9,869 in 2008. Petitioner had
reported taxes of $14,176 and $7,585 on his 2007 and 2008
returns, respectively. The amount of each understatement was
substantial because each exceeded the greater of: (1) 10 percent
of the tax required to be shown on the return for the taxable
year, or (2) $5,000. Consequently, respondent has satisfied his
burden of production.

The accuracy-related penalty is not imposed, however,
with respect to any portion of the underpayment for which the
taxpayer can establish that he acted with reasonable cause and in
good faith. Sec. 6664(c)(1). The decision as to whether the
taxpayer acted with reasonable cause and in good faith depends
upon all the pertinent facts and circumstances. Sec. 1.6664-
4(b)(1), Income Tax Regs. Circumstances indicating that a
taxpayer acted with reasonable cause and in good faith include
"an honest misunderstanding of fact or law that is reasonable in

light of all of the facts and circumstances, including the experience, knowledge, and education of the taxpayer." Id.

Petitioner asserts that he acted with reasonable cause and in good faith, pointing out that: (1) He accurately reported his gross business income; (2) he provided bank statements, subcontractor checks, and receipts to substantiate the deductions claimed to the best of his ability; (3) expense deductions previously unclaimed were allowed; and (4) he hired a certified public accountant to prepare his Federal income tax returns for 2007 and 2008. Given the circumstances, we find petitioner acted with reasonable cause and in good faith, although we would encourage him to keep better business records in the future. Accordingly, we hold that petitioner is not liable for the accuracy-related penalties under section 6662(a).

In reaching our holdings, we have considered all arguments made, and, to the extent not mentioned, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

Decision will be entered

under Rule 155.